# IN THE UNITED STATES DISTRICT COURT FOR MIDDLE TENNESSEE, AT NASHVILLE

| | |
|---|---|
| Shawnquavious Kiwane Kelly,<br><br>      Plaintiff,<br>vs.<br><br>Montgomery County of Tennessee;<br>Sheriff John Fuson;<br>Investigator Matthew Riels; and<br>Deputy Dante Turner<br>      Defendants. | Case No.<br><br>Jury Demanded |

## COMPLAINT

As required by law and in order to comply with the applicable statute of limitation, comes now the Plaintiff, Shawnquavious Kiwane Kelly, by and through his attorney, Jacob W. Fendley, and to preserve his rights under the law brings this action against the Defendants, Montgomery County; Sheriff John Fuson individually and in his official capacity as Sheriff of Montgomery County; Investigator Matthew Riels individually and in his official capacity, Deputy Dante Turner individually and in his official capacity and would respectfully show to the Court the following:

1. Jurisdiction is conferred on this court pursuant to 28 U.S.C. § 1331, 1332, 1343; 42 U.S.C.A. § 1983 and 1988 and has supplemental jurisdiction to hear the Plaintiff's claims under the laws of the State of Tennessee pursuant to 28 U.S.C § 1367.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the cause of action occurred in this district.

3. At the time the incident upon which this Complaint and relief is sought, the Plaintiff, Shawnquavious Kiwane Kelly, was a citizen and resident of Montgomery County, Tennessee.

4. Montgomery County, Tennessee is a county within the Middle District of the State of Tennessee.

5. All of the acts or omissions of the Defendants outlined throughout this Complaint were committed under the color and pretense of law and the Constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America and the State of Tennessee, and under the authority of their office as Sheriff and a Deputy Sheriff for Montgomery County, Tennessee.

6. The Defendants have waived sovereign immunity for their State law claims alleged herein pursuant to T.C.A. § 29-20-101 et seq.

7. John Fuson is the Sheriff of Montgomery County, Tennessee.

8. On or about the 19th day of July, 2024 the Plaintiff was sitting in the front passenger seat of a Kia Soul (hereinafter referred to as "subject vehicle").

9. The subject vehicle was parked in front of the B&L Market located at 1361 College Street in Clarksville, Tennessee.

10. The driver of the subject vehicle was inside the B&L Market.

11. Deputy Dante Turner pulled in behind the subject vehicle.

12. Deputy Turner believed the vehicle had been reported stolen based on the tags of the vehicle.

13. Deputy Turner did not activate his emergency equipment to seize the subject vehicle.

14. Deputy Turner did activate his dash camera and exited his patrol vehicle.

15. Deputy Turner proceeded directly inside the B&L Market.

16. Deputy Turner did not check inside the subject vehicle prior to entering the B&L Market.

17. The Plaintiff had moved himself from the passenger seat into the driver's seat.

18. Deputy Turner drew his firearm and attempted to place the driver of the subject vehicle under arrest.

19. The driver of the subject vehicle was unarmed.

20. The driver of the vehicle fled attempting to elude Deputy Turner.

21. The driver of the vehicle began to enter the subject vehicle.

22. The Plaintiff was partially in the way of the driver of the subject vehicle.

23. Deputy Turner exited the store immediately after the driver.

24. Deputy Turner had his firearm in his hand while he was attempting to grab the driver and pull him out of the subject vehicle.

25. The subject vehicle began to move although it is unclear which individual put the subject vehicle in motion.

26. Deputy Turner testified that he entered the subject vehicle along with the driver and the Plaintiff.

27. Deputy Turner testified that he was afraid for his life after inserting himself into the subject vehicle.

28. Deputy Turner testified that he fired his firearm out of fear without first checking to see if it was safe to shoot.

29. Deputy Turner testified that he was afraid the vehicle would strike a gas pump or drive into traffic, putting him at risk.

30. Deputy Turner testified that he was not trained to deal with a situation such as this one.

31. Deputy Turner willfully and deliberately placed himself in the aforementioned situation.

32. Deputy Turner shot the driver in places unknown to the Plaintiff.

33. Deputy Turner shot the Plaintiff in the back and shoulder.

34. The driver of the subject vehicle was not armed.

35. The Plaintiff was not armed.

36. The Plaintiff of the subject vehicle was not given a warning that deadly force may be used if he didn't cease any resistance or flight.

37. The Plaintiff of the subject vehicle had not committed any felony involving the infliction of serious bodily injury at any relevant time during this incident.

38. The Plaintiff of the subject vehicle had not threatened any person with the infliction of serious bodily injury at any relevant time during this incident.

39. The Plaintiff of the subject vehicle did not pose a threat of serious bodily injury to Deputy Turner or others at any relevant time during this incident.

40. The Plaintiff was not given any commands by Deputy Turner.

41. The driver of the subject vehicle was not given a warning that deadly force may be used if he didn't cease any resistance or flight.

42. The driver of the subject vehicle had not committed any felony involving the infliction of serious bodily injury at any relevant time during this incident.

43. The driver of the subject vehicle had not threatened any person with the infliction of serious bodily injury at any relevant time during this incident.

44. The driver of the subject vehicle did not pose a threat of serious bodily injury to Deputy Turner or others at any relevant time during this incident.

45. The actions of Deputy Turner violated T.C.A. § 40-7-108.

46. Deputy Turner had not been trained pursuant T.C.A. § 40-7-108.

47. John Fuson is liable for the failure to adequately train Deputy Turner pursuant to T.C.A. § 40-7-108 (c).

48. Investigator Matthew Riels charged the Plaintiff with "Theft of Property (Possession)" and "Felony Evading" in General Sessions Court.

49. Upon an Indictment in the Circuit Court, Investigator Riels charged the Defendant with a ten more counts.

50. These charges are not supported by probable cause.

51. These charges are designed to place the Plaintiff in fear of prosecution to shield Deputy Turner and Sheriff John Fuson from any liability over this incident.

52. The Plaintiff suffered severe and permanent injuries as a direct result of Deputy Turner shooting him.

53. The Plaintiff continues to suffer pain and discomfort.

54. The Tennessee Bureau of Investigation is conducting an investigation but no consequences have been forthcoming towards anyone as a result of the deprivation of the Plaintiff's civil rights.

55. Sheriff John Fuson has taken no remedial actions or measures against Deputy Turner due to the above described events.

56. Montgomery County has taken no remedial actions or measures against Deputy Turner due to the above described events.

57. John Fuson and Deputy Turner were acting in the scope of their employment and under the color and pretense of law and the Constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America and the State of Tennessee, and under the authority of their office as officers for the Tennessee Department of Corrections.

58. The Montgomery County Sheriff's official policy, custom, and/or wide spread practice is for their Deputies to engage in dangerous practices to chase vehicles they believe to be evading arrest regardless of the danger present to either the suspects or the community at large, regardless of the cause or provocation for the attempted to effect an arrest.

59. The above described actions constitute excessive force in violation of the Plaintiff's rights as secured by the Constitutions of the United States and the States of Tennessee.

60. The above described actions constitute cruel and unusual punishment in violation of the Plaintiff's rights as secured by the Constitutions of the United States and the State of Tennessee.

61. The above described actions constitute assault sanctioned by the Sheriff of Montgomery County.

62. The above described actions constitute battery sanctioned by the Sheriff of Montgomery County.

63. The above described actions constitute intentional infliction of emotional distress sanctioned by the Sheriff of Montgomery County.

64. The above described actions constitute punishment without due process of law in violation of the Plaintiff's rights as secured by the Constitutions of the United States and the State of Tennessee.

65. Each Defendant has shown a deliberate indifference towards the above described violations of the Plaintiff's civil rights by allowing such punishment and brutal treatment at the hands of prison officials in substitution of the State's legal obligations and duties.

66. John Fuson has failed to operate the Montgomery County Sheriff's Office in accordance with the law.

67. All named Defendants are guilty of conspiring to interfere with the Plaintiff's civil rights in violation of 42 U.S.C.A. § 1985.

**WHEREFORE, PREMISES CONSIDERED**, Shawnquavious Kiwane Kelly, prays for judgment against the Defendants, Montgomery County; Sheriff John Fuson individually and in
6

his official capacity as Sheriff of Montgomery County; Deputy Dante Turner individually and in his official capacity, in an amount adequate to compensate him according to law as well as punitive damages and attorney's fees pursuant to 42 USCA § 1983; 42 USCA § 1985; and 42 USCA §1988.

**FURTHER** Plaintiff prays that all Defendants be held jointly and severally liable for all damages awarded.

This, the 11th day of July, 2025.

Respectfully submitted,

BY: __/s/ Jacob W. Fendley_____
Jacob W. Fendley (BPRN 030762)
Attorney for Plaintiff
128 Public Square
Clarksville, TN  37040
(931) 245-4357
(931) 245-0343